[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 18, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-14092
Non-Argument Calendar

_____

D. C. Docket No. 90-00003-CR-WDO-5

JERRY JEROME ANDERSON,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

**(July 18, 2007)**

Before ANDERSON, BIRCH and BARKETT, Circuit Judges.

PER CURIAM:

Jerry Jerome Anderson ("Anderson") appeals, pro se, the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for reduction of his sentence. As explained below, the district court did not abuse its discretion in denying his motion because (1) it followed the requisite procedures of recalculating his sentence under amended guidelines, determining what sentence it would have imposed, and deciding whether to impose the newly calculated sentence or retain the original sentence after consulting the 18 U.S.C. § 3553(a) factors; (2) the court's failure to rule on the motion for several years has no bearing on its merits; and (3) the court was not required to permit Anderson to allocute in support of a lesser sentence. Accordingly, we AFFIRM.

## I. BACKGROUND

A federal jury convicted Anderson in 1990 of the following four counts: (1) conspiracy to possess with intent to distribute and to distribute controlled substances; (2) possession with intent to distribute controlled substances; (3) operating a continuing criminal enterprise; and (4) conspiracy to launder currency; as well as three counts of money laundering. The district court sentenced him to a term of life imprisonment in 1991. In doing so, the court determined that the offense conduct involved more than 15 kilograms of cocaine base. Anderson's base offense level was 42 with a four-level increase for a continuing criminal

enterprise. He had a criminal history category III and the only sentencing option under the then-mandatory guidelines, life imprisonment, was the sentence he received.

Anderson appealed and, in 1992, we vacated Anderson's drug conspiracy count, but affirmed in all other respects. Anderson's ultimate sentence was not affected.

In March 1997, Anderson filed a 28 U.S.C. § 2255 motion to vacate his sentence, which the district court denied on the merits less than five months later. Anderson appealed and we affirmed.

In March 1999, Anderson filed the present motion for a sentence reduction under 18 U.S.C. § 3582, based on Amendment 505 to the Sentencing Guidelines, arguing that: (1) the highest offense level in the Drug Quantity Table had been lowered from level 42 to level 38; (2) the four-level increase constituted impermissible double counting; and (3) the new guideline range was 292 to 365 months' imprisonment. Anderson did not claim that he had the right to be present when the district court ruled on his motion. In May 1999, the government responded that the newly applicable range was 360 months' to life imprisonment and the evidence at trial still made a life sentence appropriate. No activity in the

3

case occurred between that point and mid-2006.[1] On or about 5 July 2006, Anderson moved this court for a writ of mandamus compelling the district court to rule on his motion. Ultimately, this became unnecessary since the district court ruled on the motion on 20 July 2006.

In its order, the district court denied Anderson's § 3582 motion. The court recalculated the guideline range and determined that the new range was 360 months to life in prison. The court then noted the amount of drugs, 15 kilograms or more of cocaine base, stated that it had considered the 18 U.S.C. § 3553(a) factors, and determined that life imprisonment remained the appropriate sentence. Accordingly, it declined to reduce his sentence.

Anderson timely appealed. We initially denied in forma pauperis status, holding that the appeal was frivolous, but Anderson later paid the requisite filing fee.

## II. DISCUSSION

Liberally construing his pro se brief, Anderson generally argues that the district court abused its discretion in denying his § 3582 motion. He also specifically contends that (1) the district court failed to comply with the applicable

---

[1] In January 2006, Anderson filed a Fed.R.Civ.P. 60(b) motion to review the 1997 denial of his § 2255 motion. The district court construed the Rule 60(b) motion as an impermissibly successive § 2255 motion to vacate and denied it.

law because his motion for reduction of sentence was pending for over seven years, and (2) the district court was required to permit him to allocute before ruling on the sentence reduction motion and, because it did not, the court did not consider the factors in U.S.S.G. § 1B1.10(b). Finally, Anderson contends that his new guideline range should have been 360 months to life.[2]

We review a district court's decision whether to reduce a defendant's sentence pursuant to 18 U.S.C. § 3582(c)(2) for abuse of discretion. United States v. Brown, 332 F.3d 1341, 1343 (11th Cir. 2003). A district court may abuse its discretion by making an error of law. Id. (citation omitted). Because Anderson is proceeding pro se, we have liberally construed his pleadings. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam).

Ordinarily, a district court cannot modify a term of imprisonment once imposed. United States v. Moreno, 421 F.3d 1217, 1219 (11th Cir. 2005) (per curiam), cert. denied, 126 S.Ct. 1643 (2006). "Under 18 U.S.C. § 3582(c)(2), [however,] a district court has discretion to reduce the term of imprisonment of an already incarcerated defendant when that defendant was sentenced based on a

---

[2] Anderson does not argue, as he did before the district court, that the appropriate guideline range was 292 to 365 months' imprisonment. Accordingly, any claim in this respect is deemed waived. See Sepulveda v. U.S. Atty. Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) ("[w]hen an appellant fails to offer argument on an issue, that issue is abandoned" and passing references to the issue are insufficient to prevent abandonment).

sentencing range that was subsequently lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)." United States v. Bravo, 203 F.3d 778, 780 (11th Cir. 2000).

In considering a motion for such a reduction, the district court conducts a two-part analysis. Id. First, it must recalculate the sentence under the amended guidelines, substitute the amended guideline range for the original guideline range, and then determine what sentence it would have imposed. Id.; U.S.S.G. § 1B1.10(b) (2006); United States v. Vautier, 144 F.3d 756, 760 (11th Cir. 1998). Only the amended guideline range is altered; all the "other guideline application decisions made during the original sentencing remain intact." Vautier, 144 F.3d 756, 760. The second part of the analysis consists of deciding whether to impose the newly calculated sentence or retain the original sentence. Bravo, 203 F.3d at 780. This decision is made by consulting the 18 U.S.C. § 3553(a) factors. Id. The district court is not required to "articulate specifically the applicability – if any – of each of the section 3553(a) factors, as long as the record demonstrates that the pertinent factors were taken into account by the district court." United States v. Eggersdorf, 126 F.3d 1318, 1322 (11th Cir. 1997).

Section 3582(c) "does not grant to the court jurisdiction to consider extraneous resentencing issues such as [constitutional issues more appropriate for

6

collateral attack.]" Bravo, 203 F.3d at 782. Instead, "any retroactive reduction in sentence subsequent to a motion filed under § 3582(c)(2) must be 'consistent with applicable policy statements issued by the Sentencing Commission.'" United States v. Armstrong, 347 F.3d 905, 907 (11th Cir. 2003) (citing 18 U.S.C. § 3582(c)(2)).

Amendment 505 amended U.S.S.G. § 2D1.1(c), by, inter alia, setting the base offense level for 1.5 kilograms or more of cocaine base at 38, where, previously, the level was as high as 42. U.S.S.G. app. C, amend. 505 (2006). The Sentencing Commission's policy statement on retroactive reduction of sentences, U.S.S.G. § 1B1.10, indicates that Amendment 505 is retroactively applicable. U.S.S.G. § 1B1.10(c).

A sentencing adjustment under § 3582(c)(2) is not a de novo resentencing. Moreno, 421 F.3d at 1220. Although the defendant must be present at his initial sentencing, he "need not be present at proceedings involving the correction or reduction of sentence under . . . 18 U.S.C. § 3582(c)." United States v. Parrish, 427 F.3d 1345, 1347 (11th Cir. 2005) (citing Fed.R.Crim.P. 43(a)(3), (b)(4)) (quotation marks omitted).

Although it is unclear whether Anderson fully preserved all of the issues he raises on appeal before the district court, assuming arguendo that he has, no

indication exists that the district court misapplied any of the applicable law or that denial of Anderson's motion was an abuse of discretion.

In arriving at Anderson's original sentence, the district court assigned a base offense level of 42. Subsequently, Amendment 505 to the sentencing guidelines established an upper limit of 38 on base offense levels calculated using drug quantity. See U.S.S.G. app. C, amend. 505 (2006). Anderson's base offense level would have been lower had he been sentenced after the effective date of Amendment 505, and U.S.S.G. § 1B1.10 of the sentencing guidelines authorized the district court to reduce his sentence. Nevertheless, the district court exercised its discretion not to reduce Anderson's sentence. The court followed the requisite procedures, recalculating the sentencing range and considering the § 3553(a) factors. The court noted that, although the new guideline range was 360 months' to life imprisonment, the offense still involved 15 kilograms or more of cocaine base. After stating that it had considered the § 3553(a) factors, the court found that a life sentence remained appropriate. Thus, denial of the requested sentence reduction was not an abuse of discretion.

Moreover, neither Section 3582 nor any other provision suggests that delay by a district court in ruling on a motion for a sentence reduction can serve as a basis for granting it. Anderson did not file a petition for writ of mandamus until

more than seven years after he filed his § 3582 motion, and after he did so, we concluded that the ruling by the district court rendered the petition moot.

Finally, Anderson had no right to be present before the court ruled on his § 3582(c) motion.  Under Federal Rule of Criminal Procedure 43(b)(4), a defendant's presence at a § 3582(c) sentence correction proceeding is <u>not</u> required.

### III.  <u>CONCLUSION</u>

An examination of the record in this case discloses that the district court properly addressed Anderson's motion for reduction of sentence made pursuant to 18 U.S.C. § 3582(c)(2) and committed no error.  Accordingly, we **AFFIRM.**