[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 20, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-11539
Non-Argument Calendar

_____

D. C. Docket No. 01-00002-CR-HL-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TROY YEARBY,
a.k.a. Tubbs,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(April 20, 2009)

Before BLACK, HULL and ANDERSON, Circuit Judges.

PER CURIAM:

Troy Yearby, a federal prisoner convicted of crack-cocaine offenses, as well as a firearm offense, was granted 18 U.S.C. § 3582(c)(2) relief, reducing his sentence pursuant to Sentencing Guidelines Amendment 706, which lowered the base offense levels applicable to crack cocaine offenses. He appeals, nevertheless, arguing his presence was required at a hearing, and *Booker*[1] and *Kimbrough*[2] allow a reduction beyond the two-level reduction he received. He further argues that, by not ruling on his Fed. R. Civ. P. 60(b)(4) motion to reopen his criminal case, the district court granted all claims contained in his motion, and that this Court may in the first instance resolve issues regarding alleged jurisdictional defects in the indictment. After review, we affirm Yearby's sentence.

Legal questions are reviewed *de novo*. *United States v. Pringle*, 350 F.3d 1172, 1178 n.8 (11th Cir. 2003).

I.

On appeal, Yearby argues he had the right to be heard to present mitigating arguments at his resentencing pursuant to 18 U.S.C. § 3582(c). The Federal Rules of Criminal Procedure provide a defendant need not be present for a proceeding "involv[ing] the correction or reduction of sentence under [] 18 U.S.C. § 3582(c)."

---

[1] *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005).

[2] *Kimbrough v. United States*, 552 U.S. __, 128 S. Ct. 558 (2007).

Fed. R. Crim. P. 43(b)(4). Yearby's argument he was entitled to an oral hearing to present mitigating arguments prior to his § 3582(c) resentencing fails. *See* Fed. R. Crim. P. 43(b)(4); *see also United States v. Taylor*, 11 F.3d 149, 152 (11th Cir. 1994) ("there is a distinction between modifications of sentences and proceedings that impose a new sentence after vacation of the original sentence"; "[i]n the former instance, the defendant's presence is not required"); *Anderson v. United States*, 241 F. App'x 625, 629 (11th Cir. 2007) ("Under Federal Rule of Criminal Procedure 43(b)(4), a defendant's presence at a § 3582(c) sentence correction proceeding is *not* required.") (emphasis in original).

## II.

At his original sentencing, Yearby's offense level was 42 and his Guidelines range was 480 months' imprisonment. The sentencing court imposed the Guidelines 480-month sentence. After Amendment 706, Yearby's offense level was reduced by two levels, yielding a new Guidelines range of 360 to 480 months' imprisonment. After granting Yearby's § 3582(c) motion, the district court imposed a 360-month sentence, at the low end of the new, amended Guidelines range.

Yearby argues, pursuant to the Ninth Circuit case of *United States v. Hicks*, 472 F.3d 1167 (9th Cir. 2007), the district court was authorized, under *Booker* and

*Kimbrough*, to sentence him below the re-calculated Guidelines range. He further argues that the district court sat as a sentencing court when it lowered his sentence pursuant to § 3582(c), and as such it was permitted to consider a 20:1 crack to powder cocaine ratio.

A "district court must make two distinct determinations before deciding whether to reduce a defendant's sentence under § 3582(c)(2)." *United States v. Vautier*, 144 F.3d 756, 760 (11th Cir. 1998). First, the court must determine the sentence it would have imposed, given the defendant's amended guideline range and holding all other guideline findings made at the original sentencing hearing constant. *Id.*; *United States v. Bravo*, 203 F.3d 778, 780 (11th Cir. 2000). Second, the court must consider the factors in § 3553(a) and then determine, in its discretion, whether to reduce the defendant's sentence. *Vautier*, 144 F.3d at 760; *Bravo*, 203 F.3d at 781; U.S.S.G. § 1B1.10, cmt. (n.1(B)(i)).

"[A] sentencing adjustment undertaken pursuant to Section 3582(c)(2) does not constitute a de novo resentencing. All original sentencing determinations remain unchanged with the sole exception of the guideline range that has been amended since the original sentencing." *United States v. Moreno*, 421 F.3d 1217, 1220 (11th Cir. 2005) (quotations, alteration, and citation omitted).

The applicable policy statements, moreover, provide that, unless the

4

defendant was originally sentenced to a term that was less than the applicable Guidelines range at the time of sentencing, a reduction pursuant to § 3582(c)(2) shall not be less than the minimum of the amended Guidelines range. U.S.S.G. § 1B1.10(b)(2)(A)-(B), and cmt. (n.3). Yearby's original 480-month sentence was within the then-applicable Guidelines range of 480-months. Accordingly, the district court was not permitted under § 1B1.10 to sentence Yearby to a term below the amended Guidelines range of 360 to 480 months. *Id*. Therefore, the district court complied with the law when it resentenced Yearby to 292 months' imprisonment, the low end of the amended Guidelines range. *See United States v. Melvin*, ___ F.3d ___, No. 08-13497, 2009 WL 236053, at *1 (11th Cir. Feb. 3, 2009) (holding *Booker* and *Kimbrough* do not apply to § 3582(c)(2) proceedings). Based upon our holding in *Melvin*, Yearby's argument that the district court should have sentenced him below the amended Guidelines range is without merit.

## III.

Finally, Yearby argues that by not ruling on his Rule 60(b)(4) motion to reopen his case, the district court granted all claims contained in his motion. He also argues that this Court in the first instance may resolve issues about jurisdictional defects in the indictment. This argument is without merit. Additionally, Yearby may not circumvent the requirements of 28 U.S.C. § 2255, as

5

well as the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), by attacking his conviction in an appeal from the grant of § 3582(c)(2) relief.

IV.

The district court did not err by resentencing Yearby pursuant to 18 U.S.C. § 3582(c)(2) without holding a hearing at which he could argue in mitigation. The district court also did not err by resentencing Yearby within the amended Guidelines range. The district court's silence with respect to the arguments made in Yearby's Rule 60(b)(4) motion did not have the effect of granting the relief sought therein. Accordingly, we affirm Yearby's sentence.

**AFFIRMED.**