[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 20, 2009
THOMAS K. KAHN
CLERK

No. 08-11537
Non-Argument Calendar

_____

D. C. Docket No. 01-00002-CR-CAR-1-HL

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICK WILLINGHAM,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(April 20, 2009)

Before BLACK, HULL and ANDERSON, Circuit Judges.

PER CURIAM:

Rick Willingham, a federal prisoner convicted of crack-cocaine offenses, as well as a firearm offense, was granted 18 U.S.C. § 3582(c)(2) relief, reducing his sentence pursuant to Sentencing Guidelines Amendment 706, which lowered the base offense levels applicable to crack cocaine offenses. He appeals, nevertheless, arguing (1) his presence was required at a hearing and (2) *Booker*[1] and *Kimbrough*[2] allow a reduction beyond the two-level reduction he received. After review, we affirm Willingham's sentence.

Legal questions are reviewed *de novo*. *United States v. Pringle*, 350 F.3d 1172, 1178 n.8 (11th Cir. 2003).

## I.

On appeal, Willingham argues he had the right to be heard to present mitigating arguments at his resentencing pursuant to 18 U.S.C. § 3582(c). The Federal Rules of Criminal Procedure provide a defendant need not be present for a proceeding "involv[ing] the correction or reduction of sentence under [] 18 U.S.C. § 3582(c)." Fed. R. Crim. P. 43(b)(4). Willingham's argument that he was entitled to an oral hearing to present mitigating arguments prior to his § 3582(c) resentencing fails. *See* Fed. R. Crim. P. 43(b)(4); *see also United States v. Taylor*,

---

[1] *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005).

[2] *Kimbrough v. United States*, 552 U.S. ___, 128 S. Ct. 558 (2007).

11 F.3d 149, 152 (11th Cir. 1994) ("there is a distinction between modifications of sentences and proceedings that impose a new sentence after vacation of the original sentence"; "[i]n the former instance, the defendant's presence is not required"); *Anderson v. United States*, 241 F. App'x 625, 629 (11th Cir. 2007) ("Under Federal Rule of Criminal Procedure 43(b)(4), a defendant's presence at a § 3582(c) sentence correction proceeding is *not* required.") (emphasis in original).

II.

At his original sentencing, Willingham's offense level was 42, which resulted in a Guidelines range of 360 months to life imprisonment. The sentencing court imposed a 360-month sentence, at the low end of the range. After Amendment 706, Willingham's offense level was reduced by two levels, yielding a new Guidelines range of 292 to 365 months' imprisonment. Upon Willingham's § 3582(c)(2) motion, the district court imposed a 292-month sentence, at the low end of the new, amended Guidelines range.

Willingham argues the district court should have sentenced him below the amended Guidelines range. He argues the district court was permitted to apply the factors set forth in 18 U.S.C. § 3553(a) to give him a downward variance from the Guidelines range after the range had been lowered to account for the crack-cocaine amendments. It is Willingham's position that his Guidelines range should be

recalculated using a 20:1 crack cocaine ratio.

A "district court must make two distinct determinations before deciding whether to reduce a defendant's sentence under § 3582(c)(2)." *United States v. Vautier*, 144 F.3d 756, 760 (11th Cir. 1998).  First, the court must determine the sentence it would have imposed, given the defendant's amended guideline range and holding all other guideline findings made at the original sentencing hearing constant.  *Id.*; *United States v. Bravo*, 203 F.3d 778, 780 (11th Cir. 2000).  Second, the court must consider the factors in § 3553(a) and then determine, in its discretion, whether to reduce the defendant's sentence.  *Vautier*, 144 F.3d at 760; *Bravo*, 203 F.3d at 781; U.S.S.G. § 1B1.10, cmt. (n.1(B)(i)).

"[A] sentencing adjustment undertaken pursuant to Section 3582(c)(2) does not constitute a de novo resentencing.  All original sentencing determinations remain unchanged with the sole exception of the guideline range that has been amended since the original sentencing." *United States v. Moreno*, 421 F.3d 1217, 1220 (11th Cir. 2005) (quotations, alteration, and citation omitted).

The applicable policy statements, moreover, provide that, unless the defendant was originally sentenced to a term that was less than the applicable Guidelines range at the time of sentencing, a reduction pursuant to § 3582(c)(2) shall not be less than the minimum of the amended Guidelines range.  U.S.S.G.

4

§ 1B1.10(b)(2)(A)-(B), and cmt. (n.3). Willingham's original 360-month sentence was within the then-applicable Guidelines range of 360 months to life. Accordingly, the district court was not permitted under § 1B1.10 to sentence Willingham to a term below the amended Guidelines range of 292 to 265 months. *Id*. Therefore, the district court complied with the law when it resentenced Willingham to 292 months' imprisonment, the low end of the amended Guidelines range. *See United States v. Melvin*, ___ F.3d ___, No. 08-13497, 2009 WL 236053, at *1 (11th Cir. Feb. 3, 2009) (holding *Booker* and *Kimbrough* do not apply to § 3582(c)(2) proceedings). Based upon our holding in *Melvin*, Willingham's argument that the district court should have sentenced him below the amended Guidelines range is without merit.

The district court did not err by resentencing Willingham pursuant to 18 U.S.C. § 3582(c)(2) without holding a hearing at which he could argue in mitigation. The district court also did not err by resentencing Willingham within the amended Guidelines range. Accordingly, we affirm.

**AFFIRMED.**